IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW RICHARDSON, | ) | |
|     Petitioner, | ) | Civil Action No. 09-118 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL BARONE, | ) | |
|     Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.**     **REPORT**[1]

Petitioner Andrew Richardson is a state prisoner. Before the Court is his Petition For Writ Of Habeas Corpus [See ECF Nos. 11 & 20], which he has filed pursuant to 28 U.S.C. § 2254. He raises the following two claims:

    Claim 1      "Whether trial counsel was ineffective for failure to investigate, interview, or call to trial, witnesses on behalf of the defendant including the victim's mother."

    Claim 2      "Whether appellate counsel was ineffective for failing to investigate, and properly present defendant's issues on appeal."

---

[1]      Respondents have submitted all relevant transcripts and the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

[ECF No. 20 at p. 3].

### A. Relevant Background

Petitioner was charged with sexually abusing a six-year-old girl on three separate occasions between May 20, 2003, and May 20, 2004. The victim testified at trial that Petitioner inserted his penis into her rectum and mouth and attempted to insert his penis into her vagina. On May 12, 2005, an Erie County jury found Petitioner guilty of attempted rape of a child, indecent assault on a child under 13 years of age, involuntary deviate sexual intercourse ("IDSI") with a child under 13 years of age, corruption of minors, and endangering the welfare of children. Stephen J. Lagner, Esq., represented Petitioner.

On December 5, 2005, the court adjudged Petitioner to be a violent sexual predator and sentenced him to 80-180 months' imprisonment on the attempted rape conviction, to be followed by a consecutive term of incarceration of 84-164 months on the IDSI conviction. The remaining counts merged for purposes of sentencing.

On direct appeal, Petitioner, through Attorney Lagner, raised the following three claims:

1. Did the suppression court err in denying him the relief requested in his motion to suppress evidence and would the verdict in the case have been different had those items been suppressed?

2. Did the trial court err in failing to grant defendant's motions for judgment of acquittal as insufficient evidence existed to convict him of the crimes alleged?

3. Did the sentencing court err in issuing consecutive sentences?

(CP Dkt. No. 30, Commonwealth v. Richardson, No. 42 WDA 2006, slip op. at 4 (Pa.Super. Oct. 24, 2006), quoting Brief of Appellant at 3). On October 24, 2006, the Superior Court of Pennsylvania issued a Memorandum in which it affirmed Petitioner's judgment of sentence. (Id.)

On June 4, 2007, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he indicated, without giving any specifics, that he was raising claims of constitutional violation, ineffective assistance of counsel, and actual innocence. (CP Dkt. No. 33). The PCRA Court appointed William J. Hathaway, Esq., to represent him. Hathaway subsequently filed a "no merit" letter and an application to withdraw as counsel. (CP Dkt. No. 43).

On December 17, 2007, the PCRA Court denied the application for post-conviction relief. (CP Dkt. Nos. 37, 45). It did not permit Hathaway to withdraw as counsel and he continued to represent Petitioner in his subsequent appeal, in which the following three claims were raised:

1. Whether the testimony of the alleged minor victim was prompted and coached by other parties and thereby tainted?

2. Whether the physical evidence and expert testimony presented through Dr. Schober could be explained away given other trauma sustained by the alleged minor victim and given the inability to establish a sufficient factual and legal basis for the admission of the expert testimony?

3. Whether Petitioner was afforded ineffective assistance of counsel given counsel's failure to duly investigate and present the foregoing defense claims?

(CP Dkt. No. 47, Commonwealth v. Richardson, No. 2112 WDA 2007, slip op. at 2 (Pa.Super. Sept. 16, 2008), quoting Appellant's Brief at 2). On September 18, 2008, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision. (Id.)

Thereafter, Petitioner filed the instant habeas petition with the U.S. District Court for the Middle District of Pennsylvania, which subsequently transferred the case to this Court. Respondent has filed the Answer [ECF No. 18], and the case is now ripe for review.

**B.     Discussion**

*Claim 1*

Petitioner claims that his trial attorney, Stephen Lagner, "was ineffective for fail[ing] to investigate, interview, or call to trial witnesses on behalf of the defendant including the victim's mother." [ECF No. 20 at p. 3].

**(1)     The Exhaustion Requirement**

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it *to each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As set forth above, Petitioner did not exhaust a claim that Attorney Lagner was ineffective for failing to investigate and call at trial the victim's mother and other potential witnesses that he has failed

4

to identify. Although, generally, a district court should require that a state prisoner return to state court to exhaust those claims that are not exhausted, see Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), the court may "excuse" a petitioner's failure to exhaust as "futile" if it is clear that his claims are now barred from review under state law. Gray v. Netherland, 518 U.S. 152, 161 (1996). Futility is established where "exhaustion is not possible because the state court would refuse on procedural grounds to hear the merits of the claims." Lines, 208 F.3d at 164. Here, it would be "futile" for Petitioner to return to state court and attempt to litigate unexhausted habeas claims now because he is foreclosed from doing so under Pennsylvania law.[2]

### (2) Procedural Default

A finding by a district court that exhaustion is "futile" often results, as it does here, in a finding that the claims at issue are barred from federal habeas review. The U.S. Court of Appeals for the Third Circuit has repeatedly instructed that in instances in which exhaustion is excused on futility grounds, the claims at issue "are deemed procedurally defaulted." Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The doctrine essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule, and such failure to present or to comply would provide a basis for the state courts

---

[2] The PCRA expressly limits the availability of relief and requires, with few exceptions not applicable here, that a post-conviction petition be filed within one year of the date a judgment becomes final. 42 Pa.C.S. § 9545(b)(1). Since more than one year has passed since Petitioner's judgment of sentence became final, any PCRA motion that he might now attempt to file would be untimely and non-reviewable in the Pennsylvania courts. Additionally, if Petitioner returned to state court to attempt to litigate the claims at issue in another PCRA motion, the state court likely would determine that he waived the claims. See 42 Pa.C.S. § 9544(b).

5

to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[3]

It appears that Petitioner may be attempting to rely upon Attorney Hathaway's decision not raise the claim at issue here in his PCRA proceeding as "cause" for his default. His argument fails for two separate reasons. First, an attorney's decision not to raise a claim on appeal is not the type of conduct that satisfies the "cause" requirement. As the Third Circuit Court has stated:

> Examples of "cause" that are "external to the defense" include interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim. Generally, "cause" cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." [Murray v. Carrier, 477 U.S. at 486]. Indeed, in Coleman v. Thompson, 501 U.S. 722 [ ] (1991), the Court addressed . . . the effect of a litigant's inadvertent failure to take a timely appeal in a state collateral proceeding. The Court, applying Murray v. Carrier, concluded that an "ignorant or inadvertent procedural default" does not satisfy the cause element of cause and prejudice. Coleman, 501 U.S. at 752[.]

Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002).

---

[3] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. It is not applicable to this case.

Second, while the Supreme Court has recognized that attorney error which amounts to ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668 (1984) can constitute cause for relief from procedural default, Coleman, 501 U.S. at 753-54, in the instant case Petitioner cannot rely on any argument that Attorney Hathaway was ineffective in order to avoid procedural default. That is because to qualify as "cause" for a procedural default, an attorney's ineffectiveness must rise to the level of a federal constitutional violation. Coleman, 501 U.S. at 753-54. Because Petitioner had no federal constitutional right to representation during his PCRA proceedings, any alleged ineffectiveness on his part cannot establish cause for the procedural default. Cristin, 281 F.3d at 420, citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Coleman, 510 U.S. at 752.

Based upon all of the forgoing, Claim 1 must be denied because it is procedurally defaulted.

*Claim 2*

In his second claim, Petitioner broadly asserts that his "appellate counsel was ineffective for failing to investigate and properly present defendant's issues on appeal." [ECF No. 20 at p. 3]. To the extent that he Petitioner is arguing that Attorney Lagner provided him ineffective assistance on direct appeal, the claim is denied because he did not exhaust it in the state court proceedings and therefore it is procedurally defaulted.[4] Lines, 208 F.3d at 159-60.

To the extent that Petitioner is attempting to raise a claim that Attorney Hathaway was ineffective as PCRA counsel, that claim also fails. As previously explained, Petitioner did not have a federal constitutional right to counsel in state post-conviction proceedings. Cristin, 281 F.3d at 420. In

---

[4] Petitioner argued in the PCRA proceeding that Attorney Lagner was ineffective in his role as trial counsel. There is no indication in the record that he properly presented a claim that Lagner was ineffective as appellate counsel for failing to raise certain claims on direct appeal.

addition, he cannot receive federal habeas relief for errors that allegedly occurred during the PCRA proceeding. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.").

### C. **Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying these standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  June 2, 2011

cc:   The Honorable Sean J. McLaughlin
      United States District Judge