## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW RICHARDSON,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 09-118 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL BARONE, et al.,** | ) | |
| **Respondents.** | ) | |

## MEMORANDUM ORDER

**SEAN J. McLAUGHLIN, Chief District Judge.**

Before the Court is Petitioner Andrew Richardson's Motion to Re-Open Petition For Writ Of Habeas Corpus [ECF No. 30], which he has filed pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons that follow, Richardson's motion is denied and a certificate of appealability is denied.

### I.

Richardson was charged in the Court of Common Pleas of Erie County with sexually abusing a six-year-old girl, "JM," on three separate occasions between May 2003 and May 2004. He had been involved with the victim's mother, Lynn Mansfield, and he would often babysit her children for her. It was alleged that the abuse occurred while Richardson was watching JM and her sisters for Mansfield.

Stephen J. Lagner, Esquire, represented Richardson at his three-day jury trial. JM was the prosecution's first witness. She was seven-years-old at the time and testified that Richardson had fondled and kissed her, anally raped her, and forced her to perform oral sex on him. (5/11/05

Trial Tr. at 8-15).[1] The Commonwealth also introduced corroborating statements that JM had

given to a forensic interviewer from the Children's Advocacy Center in September of 2004. (Id.

at 28-31). Detective Rick Moreno, with the City of Erie Bureau of Police, testified that

Richardson admitted to him that JM performed oral sex on him but that she had initiated the

encounter when he was asleep. (Id. at 39-42). The prosecution's final witness was Dr. Justine

Schober, a pediatric urologist. She had examined JM and stated that JM had a long scar that

transversed the anus and came out onto the perineum that was consistent with having

experienced the insertion of an objection into the anal area. (Id. at 54-55).

The defense presented the testimony of two of JM's sisters. The first was "SK," who was

10-years-old at the time of the trial. She stated that she and her sisters often stayed with

Richardson and that she never saw JM alone with him or saw him do anything inappropriate to

JM. (Id. at 72). "TM," who is JM's half-sister and apparently Richardson's biological daughter,

was 14-years-old at the time of the trial. She also testified that she and her sisters often stayed

with Richardson and that she never saw him do anything bad to JM. (Id. at 86).

Two of Richardson's friends testified for the defense. Jacqueline Perry stated that she

frequently saw him with JM and her sisters and that she never observed him treating them

improperly. (Id. at 89-90). Latasha Barnett also often saw Richardson with JM and her sisters.

She testified that he was "very good" to them, that they "loved" him, and that she had never

observed any inappropriate behavior from him. (Id. at 94-97).

Richardson was the last to testify. He denied all of the charges against him. (Id. at 113-

16). He stated that he believed that Lynn Mansfield had "brainwashed" JM into lying about the

---

[1]    Respondents have submitted all relevant transcripts and the Common Pleas Court's file, which contains
documents numbered 1 through 60. Those documents will be cited to as "CP Dkt. No. __."

abuse because Mansfield was mad at him for telling Children's Services that she was a drug dealer. (Id. at 117-20, 123, 127-28). Richardson denied that he had admitted to Detective Moreno that JM had performed oral sex on him. He explained that one time he awoke and found JM on top of him and that she was trying to "pull his buckle loose," but that he stopped her and made her go outside. (Id. at 125-26). He said that he told Mansfield about the incident, that she did not "have an issue" with it, and that afterwards JM and her sisters continued to stay with him. (Id. at 126).

At the conclusion of his testimony, the trial judge asked Richardson: "are there any other witnesses that you want called at this trial that have not been called so far?" Richardson replied: "No, sir." (Id. at 129).

The jury found Richardson guilty of attempted rape of a child, indecent assault of a child under 13 years of age, involuntary deviate sexual intercourse ("IDSI") with a child under 13 years of age, corruption of minors, and endangering the welfare of children. The court sentenced him to 80-180 months' imprisonment on the attempted rape conviction, to be followed by a consecutive term of incarceration of 84-164 months on the IDSI conviction. The remaining counts merged for purposes of sentencing.

Attorney Lagner continued to represent Richardson in his direct appeal with the Superior Court of Pennsylvania. On October 24, 2006, the Superior Court affirmed his judgment of sentence. (CP Dkt. No. 30, Commonwealth v. Richardson, No. 42 WDA 2006, slip op. at 4 (Pa.Super. Oct. 24, 2006)).

On June 4, 2007, Richardson filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he indicated, without giving any specifics, that he was raising claims of constitutional violation, ineffective assistance of counsel,

and actual innocence. (CP Dkt. No. 33). The PCRA Court appointed William J. Hathaway,

Esquire, to represent him. On December 17, 2007, the PCRA Court denied the application for

post-conviction relief. (CP Dkt. Nos. 37, 45). Hathaway continued to represent Richardson in his

subsequent appeal, in which the following three claims were raised:

1. Whether the testimony of the alleged minor victim was prompted and coached by other parties and thereby tainted?

2. Whether the physical evidence and expert testimony presented through Dr. Schober could be explained away given other trauma sustained by the alleged minor victim and given the inability to establish a sufficient factual and legal basis for the admission of the expert testimony?

3. Whether Richardson was afforded ineffective assistance of counsel given counsel's failure to duly investigate and present the foregoing defense claims?

(CP Dkt. No. 47, Commonwealth v. Richardson, No. 2112 WDA 2007, slip op. at 2 (Pa.Super.

Sept. 16, 2008), quoting Appellant's Brief at 2). On September 16, 2008, the Superior Court

issued a Memorandum in which it affirmed the PCRA Court's decision. (Id.)

After his PCRA proceeding concluded, Richardson sought relief with this Court by filing

a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contended that Lagner

provided him with ineffective assistance as trial counsel for failing to call as defense witnesses

Lynn Mansfield and other unidentified individuals to testify as to his good character.

This case was referred to U.S. Magistrate Judge Susan Paradise Baxter for a report and

recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72. The Magistrate

Judge issued a Report and Recommendation ("R&R") [ECF No. 22], in which she recommended

that Richardson's petition be denied and that a certificate of appealability be denied. She

explained that because Richardson did not raise the claim that Lagner was ineffective for failing

to call additional witnesses in his PCRA appeal to the Superior Court, he had procedurally

defaulted that claim for the purposes of federal habeas review. Richardson could not rely upon Hathaway's alleged ineffective assistance in failing to raise the claim during PCRA proceeding in order to establish the "cause" to overcome his default, the Magistrate Judge explained, because he had no federal constitutional right to representation during his PCRA proceeding. See, e.g., Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) ("While ineffective assistance of counsel can be cause for a procedural default, the attorney's ineffectiveness must rise to the level of a Sixth Amendment violation.").

The Magistrate Judge issued the R&R on June 2, 2011. Richardson did not file Objections. On July 25, 2011, we issued a Memorandum Order [ECF No. 24] in which we adopted the R&R as the opinion of the Court. The claim discussed above was denied as procedurally defaulted, a certificate of appealability was denied, and the case was closed. The U.S. Court of Appeals for the Third Circuit denied Richardson's application for a certificate of appealability on November 4, 2011.[2]

On March 20, 2012, the Supreme Court decided Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012). It held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S.Ct. at 1321. The Supreme Court based its decision on what it

---

[2]     Approximately two months later, on January 3, 2012, Richardson filed a second PCRA motion. He argued that his prior counsel were ineffective for failing to do "independent" DNA testing of evidence. (CP Dkt. No. 49). The Court of Common Pleas dismissed that motion (CP Dkt. No. 52, 53) and the Superior Court dismissed his subsequent appeal for failure to file a brief. (CP Dkt. No. 59).

determined to be an equitable right to seek relief from a procedural default in a federal habeas

matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review

collateral proceedings such as the PCRA.  Id. at 1313-21.

In his pending motion, Richardson argues that Martinez provides a proper ground for this

Court to reopen his federal habeas proceeding under Rule 60(b)(6) and reconsider his claim that

Lagner was ineffective as trial counsel for failing to call additional defense witnesses.[3]

**II.**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

his case under a limited set of circumstances including fraud, mistake, and newly discovered

evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(6) is the particular

provision under which Richardson has brought his motion. It permits reopening when the movant

shows "any … reason justifying relief from the operation of the judgment" other than the more

specific circumstances set out in Rules 60(b)(1)-(5). The Supreme Court has held that a movant

seeking relief under Rule 60(b) must show "extraordinary circumstances" justifying the

reopening of a final judgment. Gonzalez, 545 U.S. at 534 (citations omitted). It has explained

that "[s]uch circumstances will rarely occur in the habeas context." Id. A change in decisional

law after judgment is entered rarely justifies Rule 60(b)(6) relief. See, e.g., id. at 536-38

(concluding that the change in habeas law brought by Artuz v. Bennett, 531 U.S. 4 (2000) did

not amount to an "extraordinary circumstances" justifying the reopening of a final judgment

---

[3]      Because Richardson is asserting that this Court's previous ruling that his claim was procedurally defaulted
was in error in light of Martinez, it is a true Rule 60(b) motion and not to be construed as an improper second or
successive habeas petition. Therefore, this Court has jurisdiction to rule on the motion. Gonzalez v. Crosby, 545
U.S. 524, 532 n.4 (2005). See also Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir. 2004).

under Rule 60(b)(6)). See also 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2864 (3d ed. April 2013).

This Court's research did not yield a case in which a petitioner has been permitted to reopen a case under Rule 60(b)(6) based solely on the change in law brought by Martinez. The U.S. Court of Appeal for the Third Circuit has not yet addressed the issue. As of this date, only two courts of appeals have, and both of them have held that the decision in Martinez alone does not justify reopening a case under Rule 60(b).

The U.S. Court of Appeals for the Fifth Circuit considered the issue in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012). It held that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Id. at 320 (internal quotations omitted). In Lopez v. Ryan, 678 F.3d 1131 (9th Cir. 2012), the U.S. Court of Appeals for the Ninth Circuit affirmed the denial of a Rule 60(b)(6) motion in which the petitioner relied upon Martinez. It held that although "that the nature of the intervening change of law in Martinez" was a factor that weighed "slightly" in favor of reopening the case, Lopez, 678 F.3d at 1135-36, other factors weighed against doing so. Id. at 1135-38. Those factors were: (1) the petitioner's lack of diligence in pursuing the issue during the federal habeas proceeding; (2) the interest of finality; (3) the degree of connection between the petitioner's case and Martinez; and, (4) the concern of comity. Id.

Under the Fifth Circuit Court's approach, Richardson's motion fails solely because "the Martinez decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)[.]'" Adams, 679 F.3d at 320. The result is the same under the Ninth Circuit Court's analysis. While the change in the law brought by Martinez might weigh "slightly" in Richardson's favor, the other factors do not. The interest of

finality and the concern of comity certainly weigh against reopening this case. Additionally, because Richardson did not file Objections to the Magistrate Judge's R&R, he was not particularly diligent in pursuing the contention that he could establish "cause" to overcome the default of his claim during the litigation of this case.

Most importantly, however, Richardson cannot show that if this Court could apply the decision in <u>Martinez</u> to his procedurally defaulted claim that he would be entitled to habeas relief. <u>Martinez</u> requires that he establish that the claim that he contends that Hathaway should have raised – that Lagner was ineffective for failing to call additional defense witnesses – was a "substantial one, which is to say that [he] must demonstrate that the claim has some merit." <u>Martinez</u>, 132 S.Ct. at 1318. Richardson cannot meet this burden because there is not even a question as to whether Lagner was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

At the end of his trial, the court expressly asked Richardson if he wanted any other witnesses to be called, and he replied: "No, sir." (5/11/05 Trial Tr. at 129). For this reason alone, his claim that Lagner should have called additional witnesses must be viewed with extreme skepticism. In any event, Lagner called as defense witnesses two of JM's sisters and two of Richardson's good friends, and they each provided testimony favorable to him. Richardson fails to identify by name any other witnesses that were available that Lagner should have called, aside from Mansfield. As for her, he has not established that she was available to testify (it does not appear that she attended the trial) or that she would have provided testimony favorable to the defense. In fact, all of the evidence before the Court indicates that Mansfield and Richardson were at odds with one another and that she would not have had anything to say to the jury that would have bolstered his defense to the charges against him.

Based upon all of the foregoing, Richardson has not shown that the issuance of <u>Martinez</u> amounts to an "extraordinary circumstance" that justifies the reopening of the final judgment in his case. For this reason, his Rule 60(b) motion is denied. Moreover, he has not shown that if his case was reopened and reviewed in light of <u>Martinez</u> that he would be entitled to habeas relief. Because jurists of reason would not find our holding debatable, a certificate of appealability is denied. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

### III.

Accordingly, this **30th** day of **July, 2013**, it is hereby **ORDERED** that Richardson's Motion to Re-Open Petition For Writ Of Habeas Corpus pursuant to Rule 60(b)(6) [ECF No. 30] is **DENIED** and a certificate of appealability is **DENIED**.

s/Sean J. McLaughlin

_____
Sean J. McLaughlin
Chief United States District Court Judge
Western District of Pennsylvania